———•◆———

## NEW YORK COMMON PLEAS.

JAMES KENNEDY, appellant agt. DAVID EILAN and others, respondents.

A *master of a vessel,* although not the owner, may maintain an action *in his own name* to recover for the freignt earned by her.

*General Term, December,* 1863.
DALY, BRADY and HILTON, *Judges.*

APPEAL from judgment of special term dismissing the plaintiff's complaint.

JAMES W. GERARD, Jr., *for plaintiff.*
ADOLPH M. PETSHAW, *for defendants.*

By the court, DALY, F. J. The judge below dismissed the case upon the ground that the master, not being the owner of the vessel, could not maintain an action in his own name to recover for the freight. In this he erred.

In *Clarkson* agt. *Edes* (4 *Cow.* 476), Justice WOODWORTH stated that an action for the freight may be sustained in the name of the master, on the bills of lading, for the benefit of the owners and possessors of the vessel.

In *Shields* agt. *Davis* (6 *Taunt.* 65), the objection was taken that the master who brought an action in his own name to recover freight was not the owner of the vessel. It was objected that in the declaration he averred that the goods were carried in his vessel, and, as the evidence showed, that he was merely the master and not the owner,

that the variance was fatal. But the court said that the master had a special property in the ship, because he had necessarily the control of it, and that the action was properly brought in his name.

In *Ward* agt. *Felton* (1 *East*, 507), the master, who was not the owner, brought an action in his own name for the freight, and in the elaborate discussion which the case underwent the general right of the master to maintain such an action was not questioned either by counsel or by the court.

The master has a special interest in the freight. He may hypothecate it. ("*The Gratitudine*," vol. 3, *Chr. Robinson Ad. R.* 196.) He has a lien upon it for any responsibility necessarily incurred on behalf of the vessel in a foreign port, which, after notice, he may enforce against the consignee, even though the latter may have paid the freight to the owner. (*Gardner* agt. *The ship New Jersey*, 1 *Peters' Adm. Decisions*, 227 ; *Van Bokkelin* agt. *Ingersoll*, 5 *Wend.* 315 ; *id.* 7 *Cow.* 670 ; *The Am. Ins. Co.* agt. *Coster*, 3 *Paige Ch. R.* 323.) As the general agent of the owner, in respect to the vessel and the voyage, he is authorized to collect it, and when collected he has the right as against the owner to retain it for his wages or advances (*Van Bokkelin* agt. *Ingersoll*, *supra*) ; and as master he has a lien upon the cargo while it remains in his hands, and may retain it until the freight is paid. (2 *Brown's Civil and Admiralty Law*, 82.) These rights and powers bring him within that class of persons who, having a special interest in the subject matter or thing, may always sue for it in their own name. (*White* agt. *Chouteau*, 10 *Barb.* 202.)

He is enumerated among this class in Brown's excellent treatise upon Actions at Law, page 162, who says: "A captain of a ship for freight may sue in his own name to enforce a contract entered into by him as agent, as he has an interest in the contract."

Without pursuing the subject further, it is sufficient,

upon these authorities, to say that the master in his character as such may maintain an action in his own name to recover for the freight.

The judgment should be reversed, with costs.